IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH R. STEWART, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-03296-G-BK |
| | § | |
| CITY OF IRVING, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this cause was automatically referred to the undersigned for pretrial management. On January 17, 2018, Plaintiffs filed an *Emergency Motion for Injunction*, Doc. 7, alleging that Defendants "have unlawfully taken title to Plaintiff's [sic] property." Doc. 7 at 2. As no Defendants have been served in this action or notified of the motion *sub judice*, and due to Plaintiff's characterization of the motion as "Emergency," the Court construes Plaintiffs' motion as a motion for a temporary restraining order, as opposed to a motion for a preliminary injunction. *Cf.* FED. R. CIV. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").

Rule of 65 of the Federal Rules of Civil Procedure provide that that a court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). Additionally, a court may grant a temporary restraining order only when the movant establishes *each* of the following elements:

(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted).

In this instance, Plaintiffs, who are acting as their own attorneys, have failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. Nor have they certified in writing any efforts made to give notice to Defendants and the reasons why notice should not be required before a temporary restraining order is issued. Lastly, Plaintiffs' motion fails to address any of the factors outlined in *Janvey*, much less establish that they weigh in favor of issuing a temporary restraining order.

For all of these reasons, Plaintiff's *Emergency Motion for Injunction*, Doc. 7, should be **DENIED**.

**SO RECOMMENDED** on January 18, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE