IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENNETH R. STEWART, et al.,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-3296-G-BK |
| | § | |
| **CITY OF IRVING, et al.,** | § | |
|     **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this cause was automatically referred to the undersigned magistrate judge for pretrial management. On January 17, 2018, Plaintiffs filed an *Emergency Motion for Injunction*, Doc. 7. On January 18, 2018, after construing the motion as a motion for a temporary restraining order, the undersigned recommended that the District Judge deny the motion. *See* Doc. 8. That recommendation is currently pending before the District Judge. On January 25, 2018, Plaintiffs filed the instant Motion for Preliminary Injunction. Doc. 9.

A preliminary injunction is an "extraordinary" and "drastic" remedy that "should not be granted unless the movant clearly carries the burden of persuasion." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). Rule 65 of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction "only on notice to the adverse party." FED. R. CIV. P. 65(a)(1). This notice is "mandatory," and courts "have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 130 (5th Cir. 1990). Additionally, a court may grant a preliminary injunction only when the movant establishes *each* of the following elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted).

Plaintiffs have not provided notice to Defendants that they seek a preliminary injunction. While Plaintiffs baldly allege "that on January 2, 2018 all defendants properly [sic] served through the United States Postal Service," their motion does not contain a certificate of service, as required by Rule 5(d)(1) of the Federal Rules of Civil Procedure, or a certificate of conference, as required by Rule 7.1(h) of the Northern District of Texas' Local Civil Rules. *See Williams v. Owens*, No. 3:14-CV-2652-N, 2014 WL 4817700, at *1 (N.D. Tex. Aug. 19, 2014) (Horan, J.) (finding plaintiff failed to provide the requisite notice under Rule 65(a)(1) where his motion did not contain a certificate of service or certificate of conference), *adopted by* 2014 WL 4817700 (N.D. Tex. Sept. 29, 2014) (Godbey, J.). The Court may deny Plaintiffs' motion on these procedural infirmities alone. *Id.* (citing *Lason Servs., Inc. v. Rathe*, No. 3:02-CV-2110-D, Dkt. No. 37 (N.D. Tex. Oct. 11, 2002) (Fitzwater, J.)).

Even if Plaintiffs had complied with Rule 65(a)(1)'s procedural requirements, they failed to establish each of the elements outlined in *Janvey*. While Plaintiffs briefly discusses that they will suffer some type of financial harm without an injunction, they omit any discussion of the remaining elements, namely, their likelihood of success on the merits, whether the threatened injury outweighs any harm that will result if the injunction is granted, and whether an injunction will serve the public interest. *Janvey*, 647 F.3d at 595.

For these reasons, Plaintiffs' Motion for Preliminary Injunction should be **DENIED**.

**SO RECOMMENDED** on January 29, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE