IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH R. STEWART, et al.,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF IRVING, et al.,<br>    Defendants. | §<br>§<br>§<br>§   Civil Action No. 3:17-CV-3296-G-BK<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned for pretrial management. On December 4, 2017, Plaintiffs filed this action and paid the $400 filing fee. Doc. 1. Thus, Plaintiffs were responsible for effecting service of process on all defendants, as required by Rule 4 of the Federal Rules of Civil Procedure, by March 4, 2018. *See* FED. R. CIV. P. 4(m) (requiring that a defendant be served within 90 days after the complaint is filed). On March 8, 2018, the Court issued an Order notifying Plaintiffs of their failure to comply with Rule 4 and warning them that their case would be dismissed under Rule 4(m) unless they completed service of process or showed good cause for the failure to serve by April 9, 2018. Doc. 20.

On March 23, 2018, Defendants City of Irving, Irving Independent School District, Dallas County, Parkland Hospital District, Dallas County Community Hospital District, and Dallas County School Equalization Fund (collectively, the "Taxing Authorities") made an appearance by filing their motion to dismiss. *See* Doc. 21. However, as of this date, Plaintiffs still have not filed proof or otherwise demonstrated that JP Morgan and Texas Industries, Inc., the other named defendants, have been served with process. Nor have Plaintiffs shown good cause for their failure to serve JP Morgan and Texas Industries, Inc.

Accordingly, Plaintiffs claims against JP Morgan and Texas Industries, Inc. should be **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) of the Federal Rules of Civil Procedure.

**SO RECOMMENDED** on April 16, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE