IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH R. STEWART, ET AL., § | | |
| PLAINTIFFS, § | | |
| § | | |
| V. § | CASE NO. 3:17-CV-3296-G-BK | |
| § | | |
| CITY OF IRVING, ET AL., § | | |
| DEFENDANTS. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned for pretrial management. Doc. 3. Before the Court is Plaintiff Marco A. Montemayor's *pro se* pleading titled *Motion for Writ of Mandamus*, Doc. 56. For the reasons that follow, the motion should be **DENIED**.

In 2017, Plaintiffs filed a complaint against Defendants stemming from the foreclosure of tax liens encumbering their real property and the resulting sale. Doc. 1. In 2018, the Court dismissed all of Plaintiff's claims with prejudice, judgment was entered against them, and this case was closed. Doc. 37. Plaintiff Marco A. Montemayor now seeks the issuance of an order of mandamus for the "return of his children," "inspection of all books, bi laws, and certificates in the corporate books of [various entities,]" and a "review from the 304th District Court Juvenile Division" in Dallas, County, Texas. Doc. 56 at 1, 10. Montemayor's new claims and requests for relief are not cognizable in this closed, civil action. That notwithstanding, federal courts "lack 'the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Wilkerson v. Dallas County. District Courts*, No. 3:17-CV-2436-M-BH, 2017 WL 5054562, at *2 (N.D.

Tex. Oct. 10, 2017) (Ramirez, J.), *adopted by* 2017 WL 5010915 (Lynn, C.J.) (quoting *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973)).

As this case has long been closed and purported mandamus relief unrelated to the original claims is all that is sought, Plaintiff's motion should be **DENIED**.[1] Additionally, since this is the second frivolous, post-judgment pleading filed by Plaintiff, the Court should also prohibit Plaintiff from filling additional pleadings in this cause without first obtaining leave of Court to do so.

**SIGNED** August 12, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made and state the basis for the objection and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

---

[1] Plaintiff also nonsensically and sporadically repeats the phrase "habeas corpus." *See* Doc. 56 at 10. To the extent that Plaintiff's seeks habeas relief, he must do so by filing a separate action.